1. WHETHER A JUDGE CAN DETAIN A PERSON ALLEGEDLY REQUIRING TREATMENT UNTIL A HEARING ON THE INVOLUNTARY COMMITMENT PETITION CAN BE HELD, EVEN IF THE DETENTION PERIOD EXCEEDS THE SEVENTY-TWO (72) HOUR LIMIT SET FORTH IN 43A O.S. 5-401 (1992).
2. WHETHER THE PROVISIONS OF 43A O.S. 5-401 (1992) MANDATE THAT THE PRESIDING JUDGE BE PRESENT AT A HEARING ON AN INVOLUNTARY COMMITMENT PROCEDURE.
BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
I.
WHEN I SPOKE WITH YOU REGARDING YOUR FIRST QUESTION, YOU EXPRESSED CONCERN ABOUT JUDGES SETTING A DATE FOR A HEARING ON AN INVOLUNTARY COMMITMENT PETITION WHICH IS OUTSIDE THE SEVENTY-TWO (72) HOUR DETENTION PERIOD AND CONTINUING TO DETAIN THE ALLEGED INCOMPETENT UNTIL THE HEARING IS HELD. IN ORDER TO ANSWER THIS QUESTION, THE PROVISIONS IN TITLE 43A O.S. 5-401 (1992) RELATING TO THE TEMPORARY DETENTION OF AN ALLEGED INCOMPETENT MUST BE REVIEWED. THE RELEVANT PORTIONS OF THIS STATUTE ARE AS FOLLOWS:
 "B. UPON THE FILING OF A(N) (INVOLUNTARY COMMITMENT) PETITION, THE DISTRICT COURT SHALL DETERMINE, BASED UPON CLEAR AND CONVINCING EVIDENCE, WHETHER THERE IS PROBABLE CAUSE TO DETAIN THE PERSON REQUIRING TREATMENT PRIOR TO A HEARING ON THE PETITION. IF THE COURT FINDS THAT PROBABLE CAUSE DOES EXIST, AN ORDER MAY BE ENTERED AUTHORIZING ANY PEACE OFFICER TO TAKE THAT PERSON INTO CUSTODY AND TO DETAIN SUCH PERSON IN A SUITABLE FACILITY PRIOR TO THE HEARING ON THE PETITION; PROVIDED THAT SAID PERIOD OF TEMPORARY DETENTION SHALL NOT EXCEED SEVENTY-TWO (72) HOURS EXCLUDING DAYS WHEN THE DISTRICT COURT IS NOT IN SESSION. SUCH DETENTION SHALL BE EXTENDED TO COINCIDE WITH ANY ORDER OF CONTINUANCE ENTERED BY THE COURT AT THE FIRST HEARING. A CERTIFIED COPY OF THE ORDER OF CONTINUANCE SHALL CONSTITUTE AUTHORITY FOR THE FACILITY TO CONTINUE TO DETAIN THE SUBJECT INDIVIDUAL DURING THE PERIOD OF CONTINUANCE.
 C. UPON RECEIVING THE PETITION, THE COURT SHALL FIX A DAY FOR THE HEARING THEREOF AND SHALL FORTHWITH APPOINT AN ATTORNEY AND AN EXAMINING COMMISSION."
43A O.S. 5-401(B) AND (C) (EMPHASIS ADDED).
THE ABOVE PROVISION CLEARLY PROVIDES THAT A PERSON ALLEGEDLY REQUIRING TREATMENT CAN BE DETAINED PRIOR TO A HEARING ON THE INVOLUNTARY COMMITMENT PETITION FOR ONLY SEVENTY-TWO (72) HOURS, EXCLUDING DAYS WHEN THE DISTRICT COURT IS NOT IN SESSION. THIS TIME LIMIT CAN BE EXTENDED ONLY WHEN AN ORDER OF CONTINUANCE IS ENTERED BY THE COURT AT THE FIRST HEARING. THEREFORE, AN ALLEGED INCOMPETENT CANNOT BE DETAINED LONGER THAN THE SEVENTY-TWO (72) HOURS MAXIMUM DETENTION PERIOD UNLESS SUCH DETENTION IS EXTENDED TO COINCIDE WITH AN ORDER OF CONTINUANCE ENTERED BY THE COURT AT THE FIRST HEARING.
II.
YOUR SECOND QUESTION, WHETHER THE PRESIDING JUDGE MUST BE PRESENT AT THE HEARING ON AN INVOLUNTARY COMMITMENT PETITION, RAISES A DUE PROCESS CONSIDERATION. THE UNITED STATES SUPREME COURT HAS RECOGNIZED THAT CIVIL COMMITMENT FOR ANY PURPOSE CONSTITUTES A SIGNIFICANT DEPRIVATION OF LIBERTY WHICH REQUIRES THE PROTECTION OF DUE PROCESS. ADDINGTON V. TEXAS, 441 U.S. 418, 99 S.CT. 1804, 60 L.ED.2D 323 (1979). THE OKLAHOMA SUPREME COURT, IN IN RE ADAMS, 497 P.2D 1080 (OKLA.1972), HELD THAT THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS WERE APPLICABLE TO CIVIL MENTAL DISABILITY PROCEEDINGS.
WHEN A PERSON'S LIBERTY INTERESTS ARE AT STAKE, MINIMAL DUE PROCESS REQUIRES "PROPER WRITTEN NOTICE AND A HEARING AT WHICH THE ALLEGED INCOMPETENT MAY APPEAR TO PRESENT EVIDENCE IN HISTHER OWN BEHALF." IN RE GUARDIANSHIP OF DEERE, 708 P.2D 1123, 1126 (OKLA. 1985). ALONG WITH THESE RIGHTS, A PERSON IS ENTITLED TO AN "OPPORTUNITY TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES BEFORE A NEUTRAL DECISION MAKER, REPRESENTATION BY COUNSEL, FINDINGS BY A PREPONDERANCE OF THE EVIDENCE, AND A RECORD SUFFICIENT TO PERMIT MEANINGFUL APPELLATE REVIEW(.)" ID. (EMPHASIS ADDED.) WITHOUT A JUDGE PHYSICALLY PRESENT TO HEAR EVIDENCE AND MAKE FINDINGS OF FACT AT THE HEARING ON THE PETITION, A PERSON ALLEGEDLY REQUIRING TREATMENT IS DENIED HIS/HER DUE PROCESS RIGHT TO A HEARING.
43A O.S. 5-410(J) ALSO PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "THE COURT. AT THE HEARING ON THE PETITION. SHALL DETERMINE BY CLEAR AND CONVINCING EVIDENCE IF THE PERSON IS A PERSON REQUIRING TREATMENT, AND THE COURT WILL TAKE EVIDENCE AND MAKE FINDINGS OF FACT CONCERNING THE PERSON'S COMPETENCY TO CONSENT TO OR REFUSE THE TREATMENT THAT MAY BE ORDERED . . ."
43A O.S. 5-401(J) (1991) (EMPHASIS ADDED). THE ABOVE LANGUAGE ALONG WITH ALL OTHER REFERENCES IN 5-401 TO THE REQUIRED HEARING ON THE PETITION MAKE IT CLEAR THAT A PERSON ALLEGEDLY REQUIRING TREATMENT HAS THE RIGHT TO A FULL HEARING WITH A JUDGE PRESIDING.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT:
 1) A PERSON ALLEGEDLY REQUIRING TREATMENT CANNOT BE DETAINED LONGER THAN THE SEVENTY-TWO (72) HOURS MAXIMUM DETENTION PERIOD PROVIDED FOR IN 43A O.S. 5-401(A) UNLESS SUCH DETENTION IS EXTENDED TO COINCIDE WITH AN ORDER OF CONTINUANCE ENTERED BY THE COURT AT THE FIRST HEARING.
 2) MINIMAL DUE PROCESS REQUIRES THAT A PERSON ALLEGEDLY REQUIRING TREATMENT BE ENTITLED TO A HEARING AT WHICH HE/SHE MAY APPEAR TO PRESENT EVIDENCE IN HIS/HER OWN BEHALF. IN RE GUARDIANSHIP OF DEERE, 708 P.2D 1123 (OKLA. 1985). THEREFORE, A JUDGE MUST BE PRESENT AT AN INVOLUNTARY COMMITMENT HEARING IN ORDER FOR A PERSON ALLEGEDLY REQUIRING TREATMENT TO OBTAIN DUE PROCESS.
(JULIE A. KRAMER)